## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTH DISTIRCT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| LACHANDRA MACKEY, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| ROC HOUSE FITNESS SPA, LLC, | ) | |
| LARRY HUGHES, | ) | |
| TYNETTA ALI, | ) | |
| | ) | JURY TRIAL REQUESTED |
| DEFENDANTS. | ) | |
| _____ | ) | |

## COMPLAINT

NOW COMES Plaintiff, LaChandra Mackey, and hereby files this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA"), seeking payment for unpaid wages, overtime wages, liquidated damages, actual damages, and compensatory damages, for Defendants' violation of the FLSA. Plaintiff further seeks an award of reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b). Plaintiff, upon personal knowledge and her information and belief, states the following as her Complaint in this matter:

## I.    JURISDICTION AND VENUE

### 1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of

the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the laws of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.

Based upon Plaintiff's information and belief, Defendant, ROC House Fitness Spa, LLC (hereinafter "ROC"), is a foreign Limited Liability Corporation registered in the State of Missouri, with a principal place of business of 1031 Highlands Plaza Drive W 313 W, St. Louis, Missouri 63110, and conducts business within the state of Georgia at 3402 Piedmont Road, Atlanta, Georgia 30305.

4.

Based upon Plaintiff's information and belief, Defendant, Larry Hughes (hereinafter "Hughes"), is a resident of Fulton County, Georgia.

5.

Based upon Plaintiff's information and belief, Defendant, Tynetta Ali (hereinafter "Ali"), is a resident of Fulton County, Georgia.

6.

Service of process for ROC House Fitness Spa, LLC can be effectuated through its registered agent, National Registered Agents, Inc. at 1201 Peachtree

Street NE, Suite 1240, Atlanta, Georgia 30361.

7.

The cause of action set forth in this Complaint arose within this jurisdiction.

## II.    PARTIES

8.

The Plaintiff, LaChandra Mackey, is an adult resident citizen of Fulton County, Georgia.

9.

At all times relevant to this Complaint, Plaintiff was a "covered employee" as defined by 29 U.S.C. §203(e)(1).

10.

At all times relevant, Defendants employed the Plaintiff to perform labor for their benefit in this District, and Defendants made employment and compensation related decisions regarding the Plaintiff.

11.

At all times relevant hereto, Plaintiff suffered and/or was permitted to work for the benefit of the Defendants.

12.

Defendant ROC lists its principal office address as 1031 Highlands Plaza Drive W 313 W, St. Louis, Missouri 63110.   Upon information and belief,

Defendant is a foreign Limited Liability Corporation conducting business within the State of Georgia and within this district.

13.

Defendant ROC describes it business as a unique concept in women's fitness and wellness, with a mission to physically, spiritually and emotionally eliminate the stress of our customer's daily lives.

14.

Defendant Hughes is an adult resident citizen of Fulton County, Georgia, and is a person who acted directly or indirectly in the interest of an employer in relation to the Plaintiff as defined by 29 U.S.C. §203(d), by making employment and compensation related decisions for the Plaintiff at times relevant to this Complaint.

15.

Defendant Ali is an adult resident citizen of Fulton County, Georgia, and is a person who acted directly or indirectly in the interest of an employer in relation to the Plaintiff as defined by 29 U.S.C. §203(d), by making employment and compensation related decisions for the Plaintiff at times relevant to this Complaint.

16.

Defendants are engaged in interstate commerce for purposes of the FLSA.

17.

Upon information and belief, Defendants' gross sales are in excess of

$500,000 per year.

18.

Defendants directed Plaintiff to individually engage in interstate commerce.

19.

Plaintiff, as part of her job duties, regularly engaged in interstate commerce.

20.

Defendants are employers within the meaning of 29 U.S.C. §203(d) and are not exempt from the FLSA.

## III.   FACTUAL ALLEGATIONS

21.

Plaintiff, LaChandra Mackey, is an adult resident of the State of Georgia. Plaintiff was employed by Defendants from on or about August 12, 2013 to on or about August 29, 2014 at Defendant's facility in Atlanta, Georgia.

22.

Plaintiff was employed by Defendants as a Café Attendant when first employed by the Defendants.

23.

Defendants maintain control, oversight, and discretion over the operation of its Atlanta facility, including the employment practices with respect to Plaintiff.

24.

At the time that Plaintiff was hired, she was classified as a non-exempt employee and was compensated on an hourly basis by the Defendants.  As an hourly employee at the rate of $13.35 per hour, Plaintiff was entitled to full pay for each hour worked and overtime for any time worked over forty (40) hours per week.

25.

Within the first month of her employment, Defendants elected to compensate Plaintiff on a salary basis without a change in job duties and/or responsibilities, and the Defendants appear to have reclassified Plaintiff as an exempt employee, requiring her to work in excess of forty (40) hours without paying her overtime compensation.

26.

At the time of Plaintiff began her employment, Plaintiff was not provided with a job description, nor was Plaintiff provided with a job description at any time during her employment.

27.

Plaintiff was employed in a position that involved interstate commerce as defined by the FLSA and/or employed in an enterprise engaged in interstate commerce.

28.

Plaintiff's work was performed in the normal course of the Defendants' business.

29.

Plaintiff routinely worked in excess of forty (40) hours per week.

30.

Defendants assigned all work that the Plaintiff performed and/or had been aware of it.

31.

The most determinative factor in demonstrating the non-exempt nature of Plaintiff's position is that the Defendants reclassified Plaintiff as an exempt employee from nonexempt, without any substantial change in her job duties and/or responsibilities.

32.

Upon information and belief, Defendant ROC management and Defendant Hughes elected to make the decision to reclassify Plaintiff as Exempt, compensating her on a salary basis at the rate of $31,200.00 per year, without a change in job duties and/or responsibilities.

33.

In or around March, 2014, Ms. Mackey was given the position of Café Lead

with an increase in salary to $35,000.00 per year; however, there again was no substantial change in job duties and/or the addition of any exempt job duties.

34.

During all times relevant to this Complaint, Plaintiff did not manage two (2) or more fulltime employees, and/or the equivalent of two (2) or more fulltime employees.

35.

While working in the capacity as the Café Lead, Plaintiff worked for the majority of the scheduled shift by herself and as such the majority of her job duties were spent on nonexempt job duties, such as performing customer service, preparing food, *ect.*, rather than performing exempt job duties.

36.

It appears that in or around July 7, 2014, Defendants elected to reclassify Plaintiff as a non-exempt employee, electing to compensate her on an hourly basis at the rate of $13.00 per hour.  With this conversion Plaintiff was given the job title of Café Attendant, the very position for which she was first hired, but was not provided with any job description for her position.

37.

During the times that Plaintiff was employed as an hourly employee, she was frequently unable to take a lunch break and/or break period.

38.

Upon information and belief, Defendants deducted time for missed lunch breaks and/or breaks from Plaintiff's submitted hours, when Defendants actually knew and/or failed to conduct a reasonable investigation as to whether Plaintiff actually took these breaks.

39.

During times relevant and for over fifty percent (50%) of her hours suffered, Plaintiff's job encompassed the following: 1) greeting customers, 2) preparing food items, 3) transacting sales, 4) purchasing food items on a predetermined list, 5) keeping her work area clean and organized, *etc.*

40.

During times relevant, Plaintiff performed, for the majority of her hours suffered, non-exempt job duties including but not limited to performing customer service, selling food items, preparing food items, and keeping the work area clean and organized.

41.

During times relevant, Plaintiff's job duties did not include any of the following: 1) firing and/or hiring, 2) disciplining employees, 3) supervising employees, 4) delegating and/or assigning work to employees, 5) performance of office or non-manual work directly related to the management or general business

operations and/or 6) exercising any meaningful independent judgment and/or discretion.

42.

Plaintiff's job duties were manual in nature and occupied the vast majority of her working hours.

43.

During the tenure of Plaintiff's employment, Plaintiff complained to the Defendants and raised issues regarding her compensation to the Defendants during the course of her employment.

44.

Plaintiff's complaint regarding the failure to pay overtime to her employer constituted protective activity pursuant to the FLSA.

45.

Plaintiff, through counsel, sent a demand letter to the Company seeking payment of overtime wages, which appears to have arrived on August 25, 2014. Plaintiff was terminated in retaliation for making a complaint regarding her wages in violation of the FLSA a mere two (2) days later.

46.

During Plaintiff's employment with the Defendants as an hourly employee, Defendants willfully and knowingly failed to fully compensate Plaintiff for hours

worked in excess of forty (40) and willfully and knowingly misclassified Plaintiff as exempt from the overtime provision of the FLSA.

47.

Defendants have willfully failed to comply with the overtime provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff at the overtime rate for each hour worked over forty (40).

48.

Defendants have willfully failed to comply with the minimum wage provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff for all hours worked.

49.

Defendants failed to properly post the Department of Labor Wage and Hour Divisions' Notices in a conspicuous place as required by 29 C.F.R. §516.

50.

Defendants have failed to keep accurate time records for the Plaintiffs, and other similarly situated employees, in conformity with the FLSA.

51.

Defendants knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff in conformity with the requirements of the FLSA.

52.

Upon information and belief, Defendants have negligently, intentionally and repeatedly manipulated its records to reflect its employees were working less hours then actually worked.

53.

As a result of these actions, Defendants fraudulently concealed the true hours worked by its employees and the applicable statute of limitations is tolled for as long as Defendants engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least seven (7) years. Defendants are estopped from raising such statute of limitations as a bar to full recovery.

54.

This action is brought to recover unpaid compensation, in the form of wages, for Plaintiff, a nonexempt employee, who performed work involving interstate commerce and/or work for an enterprise engaged in interstate commerce without being paid for it and/or without being paid the premium for hours worked in excess of forty (40) per week.

55.

For at least three (3) years, Defendants have been aware of the requirements of the FLSA, the Department of Labor's regulations, and its own violations of the FLSA. Despite this knowledge, Defendants failed to pay Plaintiff the amount of

pay as required by law.

56.

As a result of the Defendants' violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due in accordance with the FLSA.

57.

Plaintiff is entitled to the amount of unpaid wages and is also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment interest.

58.

Defendant has not made a good faith effort to comply with the FLSA.

59.

Plaintiff is entitled to an award of attorneys' fees under the FLSA.

60.

Plaintiff has no plain, adequate or complete remedy to redress the allegation contained herein and this suit for lost wages, back-pay, and declaratory judgment and injunctive relief is the only avenue to secure adequate relief.

## IV.    COUNT ONE:  VIOLATIONS OF THE FLSA - FAILURE TO PAY OVERTIME

61.

Plaintiff incorporates by reference paragraphs 1 – 60 as if full set forth herein.

62.

At all times relevant to the Complaint, the Defendant had a policy and practice of refusing to pay for all hours worked, including overtime hours, to Plaintiff.

63.

Defendants knowingly and willfully misclassified Plaintiff as an exempt employee, when the majority, if not all, of the hours suffered by Plaintiff are spent on nonexempt duties.

64.

Defendants knowingly and willfully misclassified Plaintiff as an exempt employee, when the majority, if not all, of the hours suffered by Plaintiff are spent on nonexempt duties.

65.

By such actions the Defendants have willfully failed to compensate Plaintiff for overtime hours worked during her employment.

66.

Defendants, by such failure, have willfully violated the minimum wage provisions of the FLSA.

67.

Defendants have failed to keep adequate records or otherwise report and/or

credit of all time worked by the Plaintiff, and by such failure have violated the FLSA, by failing to keep records that allow employees to determine the wages, hours and other conditions and practices of employment.

68.

Defendants, by such failure and conduct, as alleged, have willfully violated the FLSA, including the overtime provisions.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.    Payment of all wages Plaintiff should have received under the FLSA, but for Defendants' willful violation;

B.    Payment of an equal amount of liquidated damages and interest pursuant to the FLSA;

C.    Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which she may be entitled; and

D.    All reasonable costs and attorneys' fees pursuant to the FLSA.

**V.    COUNT TWO: CLAIMS FOR VIOLATIONS OF THE FLSA – TIME SHAVING**

69.

Plaintiffs incorporate by reference paragraphs 1 – 68 as if fully set forth herein.

70.

Defendants willfully failed to compensate the Plaintiff for all time worked.

71.

Defendants have failed to keep adequate records of all time worked by Plaintiff.

72.

Plaintiff were routinely submitted her hours suffered to the Defendants for compensation, but the Defendants routinely and consistently manipulated the time records to conceal the true hours worked by Plaintiff and otherwise underreport the hours suffered.

73.

By such actions, the Defendants have willfully and knowingly violated the overtime provisions of the FLSA.

**WHEREFORE**, Plaintiff pray that this Honorable Court enter judgment in favor for:

A.   Payment of all wages Plaintiff should have received under the FLSA, but for Defendants' willful violation;

B.   Payment of an equal amount of liquidated damages pursuant to the FLSA;

C.   Such other legal and equitable relief including but not limited to, any

injunctive and/or declaratory relief, to which they may be entitled; and

D.     All reasonable costs and attorneys' fees pursuant to the FLSA.

## VII.  COUNT THREE: RETALIATION PURSUANT TO *29 U.S.C. 215*.

74.

Plaintiff incorporate by reference paragraphs 1 – 73 as if fully set forth herein.

75.

During the course of her employment with Defendants, Plaintiff made numerous oral complaints to the Defendants regarding her rights pursuant to the FLSA.

76.

Oral complaints to an employer constitute protected active pursuant to the FLSA.

77.

Plaintiff, through counsel, made a written complaint to the Defendants regarding her rights pursuant to the FLSA.

78.

Plaintiff's written complaint constituted protected activity pursuant to the FLSA.

79.

Within a short proximity of time, approximately two (2) days, to Plaintiff engaging in protected activity, Plaintiff was subjected to retaliation including, but not limited to her termination.

80.

Pursuant to 29 U.S.C. §215(a)(3), Defendants are prohibited from discriminating against Plaintiff for engaging in protective activity pursuant to the FLSA.

81.

Plaintiff has suffered and continues to suffer grave and sever mental anguish and emotional distress, actual damages to her financial welfare, her employment prospects, and damage to her reputation in the community in which she lives and works.

**WHEREFORE** Plaintiff prays for the following relief:

A.      Actual damages, including reimbursement for lost wages;

B.      Future wages for loss of income;

C.      Prejudgment and Post Judgment interests;

D.      Liquidated damages pursuant to 29 U.S.C. 216 (b);

E.      Compensatory damages including mental anguish and emotional distress;

F.      All reasonable costs and attorneys' fees pursuant to the FLSA; and

G.   Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which she may be entitled.

Respectfully submitted, this 27th day of January, 2015.

*Attorneys for Plaintiff*

**THE VAUGHN LAW FIRM, LLC**

/s/ Christopher D. Vaughn
Christopher D. Vaughn, Esq.
Georgia Bar No. 726226
A. Brian Henson, Esq.
Georgia Bar No. 747269

246 Sycamore Street Suite 150
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295

**DEMELFI LAW GROUP, LLC**

/s/ Frank DeMelfi
Frank DeMelfi, Esq.
Georgia Bar No. 320128

4651 Woodstock Road
Suite 208-103
Roswell, Georgia 30075
Telephone:   (678) 948-7808
Facsimile:   (866) 674-7808
Email:        fdemelfi@gmail.com