IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LACHANDRA MACKEY, )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>ROC HOUSE FITNESS SPA, LLC, )<br>et al. )<br>)<br>DEFENDANTS ) | CIVIL ACTION NO.:<br>1:15-cv-00253-LMM |

## SETTLEMENT AGREEMENT

Plaintiff LaChandra Mackey (hereinafter, "Mackey") and Defendant ROC House Fitness Spa, LLC ("ROC") (hereinafter, "Company") (Mackey and Company collectively referred to herein as the "Parties" or individually as a "Party") hereby agree upon a settlement of all issues involved herein, and as described in this Settlement Agreement ("Agreement"), as follows:

### Recitals

WHEREAS, Mackey filed a Complaint in the U.S. District Court for the Northern District of Georgia as Case No.: 1:15-cv-00253-LMM (the "Complaint" or "Lawsuit"). The Complaint alleges that the Company and two individual defendants (collectively "Defendants") violated the Fair Labor Standards Act ("FLSA") by failing to pay her overtime pay for overtime hours she worked while in the Company's employment (the "Overtime Claim"). The Complaint also alleges that Mackey is entitled to liquidated damages equal to the amount of unpaid overtime (the "Liquidated Damages Claim").

WHEREAS, the Company denies the allegations asserted by Mackey as set forth in the Complaint. The Company believes that Mackey was properly compensated pursuant to the FLSA and, therefore, that Mackey is not entitled to overtime pay. The Company further believes that it acted in good faith and, therefore, that Mackey is not entitled to liquidated damages.

1

WHEREAS, by this Agreement, the Parties desire to settle, fully and finally, Mackey's claims under the FLSA as set forth in the Complaint.

NOW, THEREFORE, in consideration of the foregoing recitals and the mutual terms, covenants, and conditions hereinafter set forth, the Parties agree as follows:

**1.     Settlement Amount for FLSA Claim.**  As consideration for Mackey's release of her FLSA claim, the Company will pay Mackey and her attorneys the gross sum of $10,250 (the "FLSA Settlement Amount").  The FLSA Settlement Amount is being paid in settlement for Mackey's disputed Overtime and Liquidated Damages Claims and her attorney's fees and costs.  The Parties agree that the FLSA Settlement Amount will be paid in three (3) separate payments as follows:

   a.   The Company will pay Mackey the gross amount of $2,500 as full compensation for Mackey's Overtime Claim.  All necessary deductions and withholdings will be made from this payment, and this amount will be reported on a Form W-2 issued to Mackey.

   b.   The Company will pay Mackey the gross amount of $2,500 as full compensation for Mackey's non-wage damages, including her Liquidated Damages Claim.  No withholdings will be made from this payment, and this amount will be reported on a Form 1099 issued to Mackey.

   c.   The Company will pay the Vaughn Law Firm, LLC the gross amount of $5,250.00 for attorney's fees and litigation expenses.  No deductions or withholdings will be made from this payment, and this amount will be reported on a Form 1099 issued to the Vaughn Law Firm, LLC.

The consideration set forth above is in full and complete settlement of Mackey's claims under the FLSA as set forth in the Complaint.  The FLSA Settlement Amount shall be due and payable to Mackey and the Vaughn Law Firm, LLC and provided to the Vaughn Law Firm, LLC in accordance with the payment schedule set forth in Section 3 of this Agreement.  Mackey and her counsel agree not to seek any additional attorneys' fees, costs or expenses from Defendants in connection with the matters alleged or could have been alleged in the Complaint.

**2. Release of Claims under the FLSA by Mackey.** In consideration of the FLSA Settlement Amount described in Paragraph 1 of this Agreement, Mackey releases and discharges Defendants from any liability for claims and damages allegedly arising under the FLSA as set forth in the Complaint, including the Overtime Claim and the Liquidated Damages Claim.

**3. Payment Schedule.** The FLSA Settlement Amount will be paid according to the following payment schedule.

    a. Within seven (7) calendar days after the Court approves the settlement and dismisses the Lawsuit with prejudice, the Company will make a payment in the amount of $5,000, which will consist of payment for Mackey's Overtime Claim ($2,500) a partial payment for Mackey's Liquidated Damages Claim ($500) and a partial payment of attorneys' fees ($2,000).

    b. Within twenty-one (21) calendar days after the Court approves the settlement and dismisses the Lawsuit with prejudice, the Company will make a payment in the amount of $5,250, which will consist of payment for Mackey's Liquidated Damages Claim ($2,000), and the balance of the attorneys' fees ($3,250).

All payments issued pursuant hereto will be made payable to the Vaughn Law Firm, LLC Attorney Trust Account, except for the payment made pursuant to Section 1(a), which will be made payable to Mackey.

**4. Tax Liability.** In paying the amount specified in Section 1, the Company makes no representation regarding the tax consequences or liability arising from said payments. Mackey understands and agrees that any and all tax liability that may be due or become due because of the payments referenced above is her sole responsibility, and that she will pay any such taxes that may be due or become due. Mackey agrees to bear all tax consequences, if any, attendant upon the payment to her of the FLSA Settlement Amount and the General Release Settlement Amount. Mackey further agrees to hold Defendants harmless from and against any tax or tax withholding claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the FLSA Settlement Amount and the General Release Settlement Amount. In the event the Company receives written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out

of this settlement are being or will be made against the Company, the Company shall promptly, after receipt of such written notice, notify Mackey by letter sent to counsel for Mackey.

5. **Representations, Warranties and Affirmations.** Mackey represents, warrants and affirms that, other than the Lawsuit, she has no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against Defendants with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board. Mackey represents, affirms and warrants that she has not filed any charge, complaint or action against the Company with OSHA, the EEOC, the NLRB or any other Federal, State or local agency or board. This representation, affirmation, and warranty is a material inducement for Defendants to enter into this Agreement. In addition to all other rights and remedies Defendants may have at law or in equity, if Mackey's representation, affirmation, and warranty is false, Mackey will return to Defendants all consideration paid pursuant to 1 of this Agreement. Mackey further represents and affirms as a material term of this Agreement that she has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due to her, except as provided for in this Agreement.

6. **Joint Dismissal.** The Parties agree that within five (5) business days of all Parties having executed the Agreement, the Parties shall file a joint motion for approval of settlement and stipulation of judgment dismissing case with prejudice. It is also agreed that in the event the above litigation matter is not approved and dismissed, at the option of Company, this Agreement shall become null and void.

7. **Disclaimer of Liability.** Nothing in this Agreement shall constitute or be construed as an admission of liability or wrongdoing by the either Party. Each Party expressly denies that it has done anything wrong or unlawful.

8. **Remedies for Breach.** Should any Party prevail in any action brought against the other to enforce the terms of this Agreement, or to recover damages for breach of this Agreement, or to collect the FLSA Settlement Amount or the General Release Settlement Amount to be paid by Company under this Agreement, the prevailing Party shall be entitled to recover from the other her or its reasonable attorneys' fees incurred in the action, along with costs and damages.

**9.     Integration.**  This written Agreement contains the entire agreement of the parties regarding the settlement of Mackey's claims under the FLSA and the Parties' general release of claims.  This Agreement may not be changed orally but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification, extension, or discharge is sought.  The Parties acknowledge that each Party has not relied upon any representations or promises except as set forth herein and has not relied upon the other Party or its counsel for any advice on or interpretation of the legal or tax implications of this Agreement.  By signing below, the Parties acknowledge receipt of a copy of this Agreement.  Each Party has been advised to seek the advice of a Certified Public Accountant or other tax advisor to insure and review the Agreement and to advise each Party concerning how all of the terms and conditions set forth therein may affect their future tax liabilities.  The Parties hereto hereby acknowledge and agree that each has had the opportunity to retain its, his or her own Certified Public Accountants, tax advisor or tax attorney with reference to the tax implications of this Agreement.  Further, the Parties hereby acknowledge that they have not relied upon the tax implications of this Agreement.  Further, the Parties acknowledge and agree that their signatures to this Agreement serve as the acknowledgment that they have read this particular paragraph and that they have had the opportunity to seek independent advice.  All Parties acknowledge that its, his or her attorney provided them no tax advice and they have not relied on any representations of their lawyer in providing tax advice.

**10.    Severability.**  Should any clause of this Agreement be found void by a court of law, with the exception of the requirement that the Company pay Mackey and her counsel the Settlement Amount set forth in Section 1 that fact shall not impair the remainder of this Agreement.

**11.    Governing Law.**  This Agreement shall be interpreted and enforced in accordance with the laws of the State of Georgia.  The parties agree to and hereby do submit to jurisdiction before any state or federal court of record in Fulton County, Georgia, subject to the right, if any, of either party to attempt to remove any claim arising under this Agreement to a United States District Court if said Court has jurisdiction.

**12.    Construction of Agreement.**  The Parties hereby confirm and agree that this Agreement is the result of negotiation and compromise and that in interpreting this Agreement neither party shall be considered to be the drafter of the document, and that the language should not be strictly construed against either

party. Instead, the language of the Agreement should be interpreted in a manner consistent with the ordinary and reasonable meaning of the words used.

**13. Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, executors, administrators, officers, directors, shareholders, employees, agents, parent companies, subsidiaries, divisions, affiliates, related companies, successors, and assigns.

**14. Expenses.** The Parties shall pay their own expenses, including, without limitation, any attorney fees, mediation fees, court costs, pleading preparation, legal and expert fees, or other expenses incurred for the negotiation, preparation, and execution of this Agreement, with the exception of the payment of the FLSA Settlement Amount and the General Release Settlement Amount by the Company to Mackey and her counsel referenced in Paragraphs 1.

**15. Counterparts.** This Agreement may be executed in identical counterparts, each of which shall constitute an original of this Agreement. Signatures of the Parties may be exchanged by facsimile or electronically (e.g. Pdf) and same shall be treated as an original.

**16. Understanding and Voluntariness.** EACH PARTY REPRESENTS AND AGREES THAT THE PARTY HAS DISCUSSED ALL ASPECTS OF THIS AGREEMENT WITH THE PARTY'S COUNSEL, THE PARTY HAS CAREFULLY READ AND FULLY UNDERSTANDS ALL OF THE PROVISIONS OF THIS AGREEMENT, AND THAT THE PARTY IS VOLUNTARILY ENTERING INTO THIS AGREEMENT.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by their duly authorized representatives, and have executed and delivered this Agreement, as an agreement under seal, as of the date first written below.

_/s/ LaChandra Mackey_
LaChandra Mackey

Dated: 10/29/2015

ROC House Fitness Spa, LLC

By: _____

Title: Managing PARTNER

Dated: 10-30-15

8